

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2008

# Giddings v. Joseph Coleman Ctr

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1736

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Giddings v. Joseph Coleman Ctr" (2008). *2008 Decisions*. Paper 1207.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1207

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NOS. 07-1736 and 07-2407

———————

DENIAL S. GIDDINGS
Appellant

v.

JOSEPH COLEMAN CENTER; RONALD T. MORRISON,
Deputy Director, Joseph E. Coleman Center; PAMELA BROWN,
Unit Supervisor, Joseph E. Coleman Center, SUE MARTIN,
Registered Nurse, Joseph E. Coleman Center; KEVIN NANCE,
Operations Shift Supervisor, Joseph E. Coleman Center;
AGENT AMY CLEWELL, Pennsylvania Board of Probation and Parole;
WARRANT OFFICER WILLIE PULLINS, Pennsylvania Board of
Probation and Parole; WARRANT OFFICER DEBORAH MCKNIGHT,
Pennsylvania Board of Probation and Parole; MANUEL ARROYO,
Facility Director, Joseph E. Coleman Center; KELLY RASCOE,
Unit Manager, Joseph E. Coleman Center; EARL HAWKINS, Unit
Counselor, Joseph E. Coleman Center; JOSEPH BUTLER, Operations
Supervisor, Joseph E. Coleman Center

———————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 04-cv-04382)
District Judge:  Hon. Anita B. Brody

———————

Argued February 12, 2008

BEFORE:  SLOVITER, SMITH and STAPLETON,
*Circuit Judges*

———————

---

Dennis R. Supplee
Stephen A. Fogdall (Argued)
Schnader, Harrison, Segal & Lewis
1600 Market Street - Suite 3600
Philadelphia, PA  19103
  Attorneys for Appellant

Thomas W. Corbett, Jr.
Attorney General
Claudia M. Tesoro (Argued)
Senior Deputy Attorney General
Calvin R. Koons
Senior Deputy Attorney General
John G. Knorr, III
Chief Deputy Attorney General
Chief, Appellate Litigation Section
Office of the Attorney General
21 South 12th Street, Third Floor
Philadelphia, PA  19107
  Attorneys for Appellees

---

OPINION OF THE COURT

---

STAPLETON, Circuit Judge:

Denial S. Giddings appeals the District Court's grant of summary judgment in favor of parole agent Amy Clewell.  We will affirm.

**I.**

2

Because we write only for the parties who are familiar with the factual context and procedural history of the case, we set forth only those facts necessary to our analysis.

On the evening of December 2, 2003, the Joseph Coleman Center contacted Agent Clewell after finding resident Denial S. Giddings, a parolee with a history of mental illness, pressing a razor blade against his arm. After she arrived, and after the incident was resolved, Clewell decided to arrest Giddings for violating his parole – meaning that he would be sent to S.C.I. Graterford as soon as transportation could be arranged. A lack of available officers prevented any transfer that evening, so as an interim solution, Clewell agreed with the recommendation of the Coleman Center's director that Giddings be housed in the Center's mental health unit overnight.

Before retiring for the evening, neither Clewell nor the Coleman Center's staff searched Giddings or the room where he would be staying. Apparently, Giddings took advantage of this oversight by either smuggling a razor blade into the room, or finding one that was already there, and by using it to carve a deep gash into his forearm. The next morning, when she discovered this new injury, Clewell contacted the on-duty nurse, who, after tending to the wound, assured Clewell that it was safe to transport Giddings. He was then dispatched to S.C.I. Graterford.

Based on these facts, Giddings sued Agent Clewell and others arguing that they were deliberately indifferent to his serious medical needs and therefore violated his Eighth Amendment right to be free from cruel and unusual punishment, as well as his

Fourteenth Amendment Due Process rights, citing specifically the state-created danger doctrine. The District Court granted summary judgment in favor of Clewell (the only defendant remaining in this case) based on its view that the evidence simply did not support any finding that a constitutional violation occurred. In the alternative, it suggested that Clewell was entitled to qualified immunity. Giddings now appeals.[1]

## II.

The only aspect of Giddings' appeal that merits discussion is whether Clewell's failure to search him and the room he would be occupying – or to see to it that the Coleman Center's staff conducted such a search – constituted deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (articulating the standard). The framework for assessing such "failure to prevent" claims was established by *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1023 (3d Cir. 1991) (abrogated on other grounds):

> a plaintiff . . . has the burden of establishing three elements: (1) the detainee had a "particular vulnerability to [the serious condition]," (2) the custodial officer or officers knew or should have known of that vulnerability, and (3) those officers "acted with [deliberate] indifference" to the detainee's particular vulnerability.

Taken in the light most favorable to Giddings, the evidence supports finding that he was

---

[1]We have jurisdiction pursuant to 28 U.S.C. § 1291, review the District Court's grant of summary judgment *de novo*, and will affirm so long as we are satisfied that no material issue of fact exists when the facts are viewed in the light most favorable to the non-moving party. *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 585-87 (3d Cir. 1999); *Penn. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); FED. R. CIV. P. 56(c).

vulnerable to self-mutilating behavior, a serious condition, and that Clewell, who was present for the December 2nd incident, knew of this proclivity. *Id.* at 1025 n.1 ("Custodians have been found to 'know' of a particular vulnerability . . . when they have had actual knowledge of an obviously serious . . . threat.").

However, even though Clewell was aware of Giddings' propensity for self-mutilation, the evidence would not support a finding that she was deliberately indifferent to his vulnerability. The evidence shows that Clewell took the appropriate steps to assure Giddings' welfare during the overnight hours by accepting the recommendation of the Coleman Center's director that he be housed in the Center's mental health unit. Further, the Coleman Center assured Clewell that the staff, who knew all about the situation because they too had witnessed it, would care for Giddings during his stay. Under the circumstances, Clewell's assumption that they would not let Giddings have access to more razor blades was likely a reasonable one. In any event, making this assumption could not be found to constitute acting with deliberate indifference to Giddings' serious medical needs.[2]

---

[2]Giddings also argues that Clewell exhibited deliberate indifference in not sending him to a hospital on the evening of December 2nd and in waiting for the Coleman Center staff to retrieve him on the morning of December 3rd. Finally, he advances a state-created danger claim. We have reviewed these claims and find them to be without merit. In addition, while we are unsure as to whether Giddings is raising this issue on appeal, we perceive no deliberate indifference in the way Clewell conducted herself on December 3rd. Finally, because no constitutional violation occurred, we forgo any discussion of qualified immunity.

**III.**

For the reasons set forth above, the judgement of the District Court will be affirmed.